NEW YORK COUNTY.—HON. RASTUS. S. RANSOM,
SURROGATE.—March, 1889.

MATTER OF ALLEMANN.

· *In the matter of the application for the probate of the
will of* BALTHASAR ALLEMANN, *deceased.*

The power bestowed upon the Surrogate of New York county by section
2546, of Code Civil Procedure as amended by Laws of 1887, chapter
701, authorizing him to direct an assistant to take and report the testi-
mony in probate cases, is valid.

Such an assistant is appointed by the Surrogate alone, in his discretion,
without the consent of the parties to the proceeding.

This assistant has authority to rule upon the admissibility of evidence to
which objection is interposed.

Where a witness examined as to his knowledge of the handwriting of the
alleged testator for the purpose of qualifying him to testify as to the
genuineness of the signature to the will, testifies that he has seen the
testator sign a certain check, and that he has also seen him write at
the lodge to which he belonged, and that its records were signed by the
members, and witness was upon objection precluded from testifying
as to the signature to the will otherwise than from knowledge derived
from the signature on the check mentioned: *Held,* that this restriction
was error.

PROBATE of the will of Balthasar Allemann, de-
ceased.

The facts appear in the opinion of the Surrogate.

JOHN P. SCHUMANN, *for proponent.*

JACKSON & BURR, *for contestant.*

THE SURROGATE.—A paper purporting to be the will
of the decedent was offered for probate. It has been
contested, and in pursuance of the authority vested in

the Surrogate by section 2546 of the Code of Civil Procedure, he designated one of his assistants to take the testimony affecting the issues raised by the objections, and report the same to the court for consideration. The contestant, upon the hearing before the assistant, took exception to the power of the latter to rule upon the admissibility of any evidence to which objection had been interposed, and to the power of the Surrogate to so designate an assistant to act without the consent of the parties, and now insists upon the validity of such exception upon the submission to the court of the whole case and the issues therein for its consideration and decision.   The provision by which the authority exercised by the assistant is claimed to be given is an amendment to section 2546 of the Code of Civil Procedure made by chapter 701 of the Laws of 1887.   This amendment was prepared by my predecessor, Judge ROLLINS, and was adopted by the legislature at his instance.   Its object was to enable the Surrogate to select an assistant to take such material, competent and relevant evidence—and such only—as pertained to the issues before the court, and thus afford the Surrogate some aid in disposing of the great and constantly increasing volume of business with which the court was being overburdened, and to permit of its being transacted with reasonable expedition.   The plain language and import of the amendment show that the selection of the assistant was left to the absolute discretion of the Surrogate.   To say, however, that the effect of the enactment is that the person selected is permitted to be chosen to perform the simple clerical service of noting down, without

authority to rule thereon, all the evidence which the parties may see fit to produce, with the objections raised thereto, would increase instead of relieving the labor of the court and defeat the very object sought to be accomplished by the amendment.   The power now questioned has, with the approval of and in pursuance of the construction given to the provision by Judge ROLLINS, been invariably exercised by the assistant who was appointed by him to take testimony in probate cases.   His construction and practice accord with my own and are warranted by the amendment in question.   The objection of the contestant to the competency of the court to designate the assistant without the consent of the parties and of the power of the latter to pass upon objections to the admissibility of evidence taken before him is overruled.

A witness was called by the contestant and examined as to his knowledge of the handwriting of the alleged testator for the purpose of qualifying him to testify as to the genuineness of the signature purporting to be that of the alleged testator to the alleged will.   The witness testified that he had seen the testator sign elsewhere than at the lodge to which he belonged, a certain check, and that he had also seen him write in the lodge, and that its records were signed by the members.   He was asked by contestant's counsel if he had ever seen on the records of the lodge the signature of the testator.   To this question the proponent's counsel objected.   The objection was sustained and contestant's counsel excepted. Witness was then asked whether either of the signatures upon the will purporting to be those of the al-

leged testator was, in his judgment, in the handwriting of such testator, and on objection of proponent's counsel, he was precluded from testifying otherwise than from knowledge derived from the signature on the check mentioned, as to the genuineness of the signature upon the will. The learned law assistant was in error in thus restricting the witness to testifying from his knowledge so derived, and not permitting him to testify as well from knowledge acquired from seeing him write in the lodge and from his signature in the records thereof. This error will necessitate a rehearing of the case. To this end I have deemed it advisable to send the case to the Court of Common Pleas for trial and decision. I shall enter an order accordingly.